**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4419 Van Nuys Blvd., Suite 301
Sherman Oaks, CA 91403
T: (323) 940-1700
F: (510) 570-3815
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiffs
CHRISTOPHER CARUSO
AND HELEN MONTERO

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

CHRISTOPHER CARUSO AND HELEN MONTERO,

Plaintiff,

vs.

MERAGON FINANCIAL SERVICES, INC.

Defendant

Case No.: 2:25-cv-1653

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**

1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692, *ET. SEQ.*]**
2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT [CAL. CIV. CODE § 1788, *ET. SEQ.*];**
3. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681, *ET. SEQ.*]**
4. **VIOLATIONS OF THE CALFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. CODE § 1785, *ET. SEQ.*]**

## INTRODUCTION

1. (Plaintiff) brings this action to secure redress from Defendant MERAGON FINANCIAL SERVICES, INC. (hereinafter "Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), the Fair Credit Reporting Act ("FCRA"), and the California Consumer Credit Reporting Agencies Act ("CCCRAA").

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Whittier, CA. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is located in Asheville, NC. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the RFDCPA.

6. Defendant is engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b) and Cal. Civ. Code § 1785.25(a). Defendant is a "person" as defined by the FCRA, Section 1681a(b), and Cal. Civ. Code § 1785.3(j).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

8. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## **FACTUAL ALLEGATIONS**

9. Within two years prior to the filing of this action, Defendant has furnished derogatory and inaccurate statements and information on Plaintiff's credit file (hereinafter "inaccurate information").

10. Meragon Financial is furnishing false, inaccurate and materially misleading information about Plaintiff to Defendant and the other credit bureaus about a debt and a deficiency balance which Plaintiff does not owe.

11. Plaintiff has sent disputes to the credit bureaus regarding the false and inaccurate credit information that Defendant is reporting about Plaintiff, as set forth supra.

12. On information and belief, upon receipt of Plaintiff's disputes, the credit bureaus sent automatic customer dispute verification forms to Defendant informing it that Plaintiff was disputing Defendant's credit-reporting of his account on his credit files.

13. Defendant nonetheless denied Plaintiff's disputes and continued to falsely claim money owed by Plaintiff in connection with the transaction(s) procured through identity theft.

14. As of the date of the filing of this complaint, Defendant continues to report the inaccurate information on Plaintiff's credit files.

15. Despite Plaintiff's exhaustive efforts to date to remove this erroneous information, Defendant has nonetheless repeatedly, deliberately, willfully,

intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to include accurate information, and has continued to report the inaccurate information about Plaintiff.

16. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

17. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

18. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, which has hindered and harmed his ability to obtain credit, and diminished his existing and future creditworthiness.

19. As a direct and proximate result of Defendant's above-referenced willful and/or negligent violations of the law, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

## **FIRST CAUSE OF ACTION**

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

**(Against Defendant)**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692 by collecting or attempting to

collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), in the following ways:

(1) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(3) Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(4) Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

22. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

**(Against Defendant)**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), in the following ways:

(1) Defendant violated 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

(3) Defendant violated 15 U.S.C. §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt;

(4) Defendant violated 15 U.S.C. §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt.

26. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## THIRD CAUSE OF ACTION

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.**

**(Against Defendant)**

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. The FCRA requires a furnisher such as Defendant after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

30. Within the last two years, Defendant provided inaccurate information to the credit reporting agencies regarding Plaintiff.

31. Within the past two years, Plaintiff notified the credit bureaus that his credit reports concerning Defendant's trade-line was inaccurate. Thereafter, the credit bureaus notified Defendant that Plaintiff was disputing the information Defendant had furnished to them.

32. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b):

a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff's account to credit reporting agencies; and h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

33. In attempting to collect the aforementioned alleged debt, Defendant, by and through their agents and employees, violated the provisions of the Fair Credit

Reporting Act by furnishing information on the Plaintiff to one or more consumer reporting agencies notwithstanding the fact that Defendant knew, or consciously avoided knowing, that such information was inaccurate; to wit, Defendant continued to report that Plaintiff owes a defiency balance for a debt.

## FOURTH CAUSE OF ACTION

**Violations of the California Consumer Credit Reporting Agencies Act,**

**Cal. Civ. Code §1785.25(a)**

**(Against Defendant)**

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

36. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

37. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

38. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

39. Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

40. As a result of the foregoing violations of the CCRAA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

41. an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692 , 15 U.S.C § 1681(n), Cal. Civ. Code § 1788.30(a), and Cal. Civ. Code § 1785.31(a)(2)(A);

42. an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

43. an award of statutory damages of $ 1,000.00 pursuant to 15 U.S.C. § 1692 and Cal. Civ. Code § 1788.30(b);

44. an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

45. an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of Cal. Civ. Code § 1785.14;

46. an award of punitive damages of $ 100.00 - $ 5,000.00 per willful violation of 15 U.S.C. § 1692 and Cal. Civ. Code § 1785.25(a);

47. an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692, 15 U.S.C § 1681(o), Cal. Civ. Code § 1785.31(d), and Cal. Civ. Code § 1788.30(c).

48. Providing such further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff's demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: February 26, 2025 **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
*Attorneys for Plaintif*